**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **PATRICK SENCLAIR JACKSON** | **DOCKET NO. 2:25-CV-00736** |
| **REG. # 11422-509** | **SECTION P** |
| | |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| | |
| **WARDEN MARTINEZ, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Patrick Senclair Jackson ("Jackson") on May 28, 2025.  Doc. 1. Jackson is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.  For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

Jackson has filed the instant Petition for Writ of Habeas Corpus challenging the BOP's interpretation and application of earned time credits (ETC) under the First Step Act.  Specifically, he contends that the BOP's "categorial denial of ETCs based solely on administrative sentence aggregation violates statutory intent, undermines rehabilitative objectives, and exacerbates unnecessary incarceration."  Doc. 1-2, p. 1.

On March 3, 2021, Petitioner pleaded guilty to one count of violation of 8 U.S.C. § 841(a)(1), Distribution of Methamphetamine, and one count of violation of 18 U.S.C. § 924(c)(1),

Possession of a Firearm in Furtherance of Drug Trafficking. *See U.S. v. Jackson*, 3:20-CR-0217, doc. 28 (W.D. La.). On July 21, 2021, he was sentenced to serve 60 months imprisonment on each count, to run consecutively. *See id,* doc. 41. BOP aggregated Petitioner's consecutive sentences into a single 60- month term of confinement. Jackson sought to obtain FSA time credits and reduce his sentence, but his administrative requests were denied as he was ineligible because of his § 924(c) conviction. Doc. 1-3.

## II.
### LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Law and Application*

Petitioner is ineligible to earn FSA time credits because he is serving a sentence for a disqualifying offense. The FSA allows prisoners to earn credits towards prerelease custody (placement in home confinement or a residential re-entry center) or supervised release for successfully participating in Evidence-based Recidivism Reduction ("EBRR") programming and

Productive Activities ("PAs"). *See* 18 U.S.C. § 3632(d)(4). Not all prisoners, however, may earn FSA time credits. *See id.* § 3632(d)(4)(A) ("A prisoner, except for an ineligible prisoner under subparagraph (D), . . . shall earn time credits . . . ."). A prisoner "is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction under" a list of enumerated offenses. *Id.* § 3632(d)(4)(D). Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 8 U.S.C. § 924(c), is one such disqualifying offense. *Newsome v. Rivers*, No. 3:23-cv-1322023 U.S. Dist. LEXIS 201767, at *2 (Oct. 13, 2023 N.D. Tex.) (citing 18 U.S.C. 3632(d)(4)(D)(xxii)).

When determining whether a prisoner with multiple convictions, not all of them disqualifying, is eligible to earn time credits under the FSA, the BOP considers each conviction resulting in a term of imprisonment under 18 U.S.C. § 3584(c). "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *Id.* Accordingly, where a prisoner is serving multiple, consecutive sentences, the BOP must aggregate the sentences as a single term of imprisonment for administrative purposes.

Jackson argues that the determination of a prisoner's eligibility to earn FSA time credits is legislative—not administrative—because Congress set the eligibility criteria by statute and made the awarding of credits mandatory. Doc. 1-2, p. 9. He contends that "[se]ction 3854(c) was enacted to simplify sentence administration – not to displace statutory standards governing liberty-reducing or liberty-extending mechanisms like ETCs…. Section 3584(c) addresses sentence administration, not statutory eligibility." *Id.* His argument is unavailing.

Title 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Accordingly, in deciding a prisoner's eligibility for FSA time credit, the

-3-

BOP must evaluate all of a prisoner's sentences. *Martinez v. Rosalez*, No. 1:22-CV-1297-LY-DH, 2023 U.S. Dist. LEXIS 63578, 2023 WL 2904579, at *4 (W.D. Tex. Apr. 10, 2023), R. & R. adopted, 2023 U.S. Dist. LEXIS 83519, 2023 WL 3441566 (W.D. Tex. May 12, 2023), appeal docketed, No. 23-50406 (5th Cir. May 30, 2023). Simply put, "[i]f a prisoner is serving multiple, consecutive sentences, and one such offense is among the FSA's enumerated disqualifying offenses . . . then the prisoner is ineligible to earn FSA time credits." *Id*.; *see also Norman v. Carr*, No. 4:21-CV-586-P, 2021 U.S. Dist. LEXIS 211294, 2021 WL 5086561, at *4 (N.D. Tex. Nov. 2, 2021) ("BOP was required to aggregate [the] [p]etitioner's multiple sentences under § 3584(c) and correctly computed her sentence in compliance with BOP policy."); *Sok v. Eischen*, No. 22-CV-458 (ECT/LIB), 2022 U.S. Dist. LEXIS 212513, 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022), *report and recommendation adopted*, No. 22-CR-458 (ECT/LIB), 2022 U.S. Dist. LEXIS 212182, 2022 WL 17128929 (D. Minn. Nov. 22, 2022) (finding the petitioner ineligible to earn time credits under the FSA as his "aggregate sentence include[ed] a sentence predicated on" a disqualifying offense); *Goodman v. Sage*, 2022 U.S. Dist. LEXIS 233946, 2022 WL 18028148, at *3 (M.D. Pa. Dec. 30, 2022) (same).

Following this line of cases, and the United States Fifth Circuit Court of Appeals' recent decision in *Martinez v. Rosalez*, 2024 U.S. App. LEXIS 914 (5th Cir. 2024), this Court finds Jackson is ineligible for earned time credits under the FSA because of his disqualifying § 924(c) offense. *See also Newsome v. Rivers*, 2023 U.S. Dist. LEXIS 201676 (N.D. Tex. Oct. 13, 2023). Relying on § 3584(c), the BOP properly considered Jackson's consecutive terms of imprisonment as one aggregate term of imprisonment for administrative purposes, including calculating his FSA time credits. *See Martinez, supra; see also Sok v. Eischen*, No. 23-1025, 2023 U.S. App. LEXIS 21463, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) (affirming denial of § 2241 petition

because "the BOP correctly treated [the petitioner's] prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits"); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 U.S. App. LEXIS 18026, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (same). Accordingly, Jackson's disqualifying term of imprisonment for violating § 924(c) renders his entire sentence ineligible for FSA time credits.

### III.
#### CONCLUSION

For the reasons stated above, Jackson's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that all pending motions are **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 16th day of March, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE